THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON CATTLEMEN'S ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; ANDREW WHEELER, in his official capacity as Administrator of the United States Environmental Protection Agency; UNITED STATES ARMY CORPS OF ENGINEERS; and R.D. JAMES, in his official capacity as Assistant Secretary for Civil Works, Department of the Army,<br><br>Defendants. | Case No. 2:19-cv-00569-JCC<br><br>PROPOSED ANSWER OF PROPOSED INTERVENOR-DEFENDANTS |

Pursuant to Federal Rule of Civil Procedure 8, the Puget Soundkeeper Alliance, Sierra Club, and Idaho Conservation League (the "Clean Water Groups") respectfully submit this Answer to the Plaintiff's Complaint in the above-captioned action. Dkt. # 1.

The headings and subheadings in the Complaint do not contain allegations that require a response. To the extent a response is required, the Clean Water Groups deny the allegations

PROPOSED ANSWER
(No. 2:19-cv-00569-JCC)                    -1-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

contained in the headings and subheadings.

## INTRODUCTION

1. The first sentence of Paragraph 1 characterizes the contents of the Complaint, which is the best evidence of its contents. Any allegations contrary to the Complaint's plain language and meaning are denied. The second, third, and fourth sentences of Paragraph 1 characterize provisions of the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the Clean Water Act's plain language and meaning are denied. Clean Water Groups admit that the Environmental Protection Agency ("EPA") and Army Corps of Engineers ("Corps") adopted joint regulations in 1986, and that EPA and the Corps replaced the 1986 regulations with a new regulation in 2015. To the extent the fifth and sixth sentences of Paragraph 1 characterize provisions of federal regulations for implementing the Clean Water Act, the federal regulations are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied. Clean Water Groups admit the allegations in the seventh sentence of Paragraph 1. Clean Water Groups lack knowledge or information sufficient to form a belief as to the truth of the allegations in the eighth sentence of Paragraph 1, and therefore denies those allegations. The ninth and tenth sentences of Paragraph 1 characterize the contents of the Complaint, which is the best evidence of its contents. Any allegations contrary to the Complaint's plain language and meaning are denied.

## JURISDICTION AND VENUE

2. Paragraph 2 contains conclusions of law to which no response is required.

3. Paragraph 3 contains conclusions of law to which no response is required.

4. Paragraph 4 contains conclusions of law to which no response is required.

5. Paragraph 5 contains conclusions of law to which no response is required.

PROPOSED ANSWER
(No. 2:19-cv-00569-JCC)                    -2-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

6. Paragraph 6 contains conclusions of law to which no response is required, but to the extent that sentence is deemed to contain factual allegations Clean Water Groups deny those allegations.

## PARTIES

7. Clean Water Groups lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore deny those allegations.

8. Paragraph 8 contains conclusions of law to which no response is required. Clean Water Groups admit that the EPA is a cabinet agency.

9. Clean Water Groups admit that Andrew Wheeler is the Administrator of the EPA and that his predecessor Gina McCarthy signed the "Clean Water Rule: Definition of 'Waters of the United States'" ("2015 Clean Water Rule") on behalf of EPA on June 29, 2015.

10. Paragraph 10 contains conclusions of law to which no response is required. Clean Water Groups admit that the Army Corps of Engineers is a branch of the Department of the Army and further admit that the Army Corps of Engineers jointly issued the regulations challenged in this action.

11. Clean Water Groups admit that R.D. James is the Assistant Secretary of the Army for Civil Works and that his predecessor Jo-Ellen Darcy signed the 2015 Clean Water Rule on behalf of the Corps on June 29, 2015.

## LEGAL BACKGROUND

12. Paragraph 12 contains conclusions of law to which no response is required. The third sentence of Paragraph 12 contains a quotation from a published court decision. That court

PROPOSED ANSWER
(No. 2:19-cv-00569-JCC)   -3-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

decision speaks for itself and is the best evidence of its contents, and therefore the excerpted quotation in the third sentence of Paragraph 12 requires no response.

13. Paragraph 13 characterizes provisions of the Rivers and Harbors Act, which is the best evidence of its contents. Any allegations contrary to the Rivers and Harbors Act's plain language and meaning are denied.

14. Paragraph 14 characterizes provisions of the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the Clean Water Act's plain language and meaning are denied.

15. Paragraph 15 characterizes provisions of the Rivers and Harbors Act and the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to those statute's plain language and meaning are denied.

16. Paragraph 16 characterizes provisions of the Clean Water Act and the Flood Control Act of 1936, which are the best evidence of their contents. Any allegations contrary to those statutes' plain language and meaning are denied. The remainder of paragraph 16 contains citations to a legislative history and a published court decision, which are the best evidence of their contents. Any allegations contrary to the legislative history and court decision's plain language and meaning are denied.

17. Paragraph 17 characterizes provisions of the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the Clean Water Act's plain language and meaning are denied.

18. Paragraph 18 characterizes published court decisions, which are the best evidence of their contents. Any allegations contrary to the court decisions' plain language and meaning are denied.

PROPOSED ANSWER
(No. 2:19-cv-00569-JCC) -4-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

19. Paragraph 19 characterizes provisions of federal regulations for implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

20. Paragraph 20 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

21. Paragraph 21 characterizes provisions of federal regulations for implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

22. Paragraph 22 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

23. Paragraph 23 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

24. Paragraph 24 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the plain language and meaning are denied.

25. Paragraph 25 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

26. Paragraph 26 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

PROPOSED ANSWER
(No. 2:19-cv-00569-JCC) -5-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

27. Paragraph 27 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

28. Paragraph 28 characterizes federal agency guidance under the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the federal guidance's plain language and meaning are denied.

29. Paragraph 29 characterizes federal agency guidance under the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the federal guidance's plain language and meaning are denied. To the extent Paragraph 29 contains conclusions of law, no response is required. To the extent Paragraph 29 is deemed to contain allegations of fact, Clean Water Groups deny those allegations.

30. Paragraph 30 characterizes federal agency guidance under the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the federal guidance's plain language and meaning are denied.

31. Paragraph 31 characterizes federal agency guidance under the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the federal guidance's plain language and meaning are denied.

32. Paragraph 32 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

33. Paragraph 33 characterizes provisions of federal regulations implementing the Clean Water Act, which are the best evidence of their contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

PROPOSED ANSWER
(No. 2:19-cv-00569-JCC)            -6-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

34. Paragraph 34 characterizes a provision of federal regulations implementing the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

35. Paragraph 35 characterizes a provision of federal regulations implementing the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

36. Paragraph 36 characterizes a provision of federal regulations implementing the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

37. Paragraph 37 characterizes a provision of federal regulations implementing the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

38. Paragraph 38 characterizes a comment letter submitted by Plaintiff, which is the best evidence of its contents. Any allegations contrary to the comment letter's plain language and meaning are denied. Clean Water Groups admit Plaintiff submitted substantive comments to EPA and the Corps during the public comment period for the 2015 Clean Water Rule.

39. Paragraph 39 contains conclusions of law to which no response is required.

40. Clean Water Groups admit that Plaintiff previously filed suit to challenge the 2015 Clean Water Rule in the U.S. District Court for the District of Minnesota on July 15, 2015, case number 0:15-cv-03058-DWF-LIB.

41. Paragraph 41 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied. Clean Water Groups admit that the District Court for the District of Minnesota

PROPOSED ANSWER
(No. 2:19-cv-00569-JCC)   -7-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

dismissed a complaint captioned *Washington Cattlemen's Association v. EPA*, case no. 0:15-cv-03058-DWF-LIB, on November 8, 2016, without prejudice.

42. Clean Water Groups admit that Plaintiff filed a petition against the 2015 Clean Water Rule in the Sixth Circuit at Petition No. 15-4188.  The remainder of Paragraph 42 contains vague and ambiguous allegations regarding the 2015 rule defining the term "waters of the United States," and therefore requires no response.

43. Clean Water Groups admit that on October 9, 2015 the Sixth Circuit stayed the 2015 Clean Water Rule.  Clean Water Groups admit that the 2015 Clean Water Rule was the rule in effect in Washington between August 28, 2015, the rule's effective date, and October 9, 2015, the date on which the Sixth Circuit stayed the rule, but to the extent this paragraph refers to the legal status quo in Washington, the characterization is a vague allegation to which no response is required.

44. Paragraph 44 characterizes a published court decision, which is the best evidence of its contents.  Any allegations contrary to the court decision's plain language and meaning are denied.

45. Clean Water Groups admit that the Sixth Circuit dissolved its nationwide stay and dismissed Plaintiff's petition challenging the 2015 Clean Water Rule on February 28, 2018.

46. Clean Water Groups admit that following the Supreme Court's decision in *National Association of Manufacturers*, litigation has resumed against the 2015 Clean Water Rule in multiple district courts across the country.

47. Paragraph 47 characterizes two published court decisions, which are the best evidence of their contents.  Any allegations contrary to the court decisions' plain language and meaning are denied.

PROPOSED ANSWER
(No. 2:19-cv-00569-JCC) -8-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

48. Clean Water Groups admit that no court has enjoined the 2015 Clean Water Rule in the state of Washington.

49. Paragraph 49 characterizes a provision of federal regulations implementing the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the federal regulations' plain language and meaning are denied.

50. Clean Water Groups admit that multiple groups of litigants filed suit against the Applicability Date Rule. The second sentence of Paragraph 50 characterizes two published court decisions, which are the best evidence of their contents. Any allegations contrary to the court decisions' plain language and meaning are denied. Clean Water Groups admit that the EPA and the Corps abandoned their appeals from those orders.

51. Clean Water Groups lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint, and therefore denies those allegations.

52. Paragraph 52 characterizes a proposed federal regulation which is the best evidence of its contents. Any allegations contrary to the federal regulation's plain language and meaning are denied. Clean Water Groups admit that the agencies have not yet issued a final Repeal and Recodify Rule.

53. Paragraph 53 characterizes a proposed federal regulation which is the best evidence of its contents. Any allegations contrary to the federal regulation's plain language and meaning are denied.

54. Paragraph 54 contains conclusions of law to which no response is required.

55. Paragraph 55 characterizes a federal regulation implementing the Clean Water Act and federal agency guidance under the Clean Water Act, which are the best evidence of their

PROPOSED ANSWER
(No. 2:19-cv-00569-JCC)                     -9-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

contents. Any allegations contrary to the federal regulation and guidance's plain language and meaning are denied. To the extent Paragraph 55 contains conclusions of law, no response is required. To the extent Paragraph 55 is deemed to contain allegations of fact, Clean Water Groups deny those allegations.

56. Paragraph 56 contains conclusions of law to which no response is required.

57. Paragraph 57 contains conclusions of law to which no response is required.

58. Paragraph 58 characterizes plaintiff's future intents regarding the Complaint, to which no response is required.

59. Clean Water Groups incorporate by reference the above responses to Paragraphs 1-58.

60. Paragraph 60 contains vague and ambiguous allegations regarding the 2015 Clean Water Rule, and therefore requires no response. To the extent Paragraph 51 contains conclusions of law, no response is required.

61. Paragraph 61 characterizes the contents of the Complaint, which is the best evidence of its contents. Any allegations contrary to the Complaint's plain language and meaning are denied. To the extent Paragraph 61 is deemed to contain conclusions of law, no response is required.

62. Clean Water Groups lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint, and therefore denies those allegations. To the extent Paragraph 62 is deemed to contain conclusions of law, no response is required.

63. Paragraph 63 contains conclusions of law to which no response is required.

PROPOSED ANSWER
(No. 2:19-cv-00569-JCC) -10-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

64. Clean Water Groups incorporates by reference the above responses to Paragraphs 1-63.

65. Paragraph 65 contains vague and ambiguous allegations regarding the impacts of the 2015 Clean Water Rule, and therefore requires no response. To the extent they are inconsistent with the Rule or the relevant law, Clean Water Groups deny the allegations in Paragraph 65. To the extent Paragraph 65 characterizes the 2015 Clean Water Rule, it is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

66. Clean Water Groups lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint, and therefore denies those allegations.

67. Clean Water Groups lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint, and therefore deny those allegations.

68. Paragraph 68 contains conclusions of law to which no response is required.

69. Paragraph 69 contains conclusions of law to which no response is required.

## FIRST CLAIM FOR RELIEF

70. Clean Water Groups incorporate by reference the above responses to Paragraphs 1-69.

71. Paragraph 71 characterizes the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the Clean Water Act's plain language and meaning are denied.

PROPOSED ANSWER
(No. 2:19-cv-00569-JCC)            -11-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

72. Paragraph 72 characterizes the 2015 Clean Water Rule, which is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

73. Paragraph 73 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

74. Paragraph 74 contains conclusions of law to which no response is required.

## SECOND CLAIM FOR RELIEF

75. Clean Water Groups incorporate by reference the above responses to Paragraphs 1-74.

76. Paragraph 76 contains conclusions of law to which no response is required. To the extent Paragraph 76 characterizes a published court decision, it is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

77. Paragraph 77 characterizes the 2015 Clean Water Rule, which is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

78. Paragraph 78 contains conclusions of law to which no response is required.

## THIRD CLAIM FOR RELIEF

79. Clean Water Groups incorporate by reference the above responses to Paragraphs 1-78.

80. Paragraph 80 characterizes the 2015 Clean Water Rule, which is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

81. Paragraph 81 contains conclusions of law to which no response is required. To the extent Paragraph 81 characterizes a published court decision, it is the best evidence of its

PROPOSED ANSWER
(No. 2:19-cv-00569-JCC)        -12-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

contents. Any allegations contrary to the court decision's plain language and meaning are denied.

82. Paragraph 82 contains conclusions of law to which no response is required.

**FOURTH CLAIM FOR RELIEF**

83. Clean Water Groups incorporate by reference the above responses to Paragraphs 1-82.

84. Paragraph 84 characterizes the 2015 Clean Water Rule, which is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

85. Paragraph 85 contains conclusions of law to which no response is required. To the extent Paragraph 85 characterizes a published court decision, it is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

86. Paragraph 86 contains conclusions of law to which no response is required.

**FIFTH CLAIM FOR RELIEF**

87. Clean Water Groups incorporate by reference the above responses to Paragraphs 1-86.

88. Paragraph 88 contains conclusions of law to which no response is required.

89. Paragraph 89 characterizes the 2015 Clean Water Rule, which is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

90. Paragraph 90 characterizes the 2015 Clean Water Rule, which is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

91. Paragraph 91 characterizes the 2015 Clean Water Rule, which is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

PROPOSED ANSWER
(No. 2:19-cv-00569-JCC) -13-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

92. Paragraph 92 characterizes the 2015 Clean Water Rule, which is the best evidence of its contents. Any allegations contrary to the Rule's plain language and meaning are denied.

93. Paragraph 93 contains conclusions of law to which no response is required.

**SIXTH CLAIM FOR RELIEF**

94. Clean Water Groups incorporate by reference the above responses to Paragraphs 1-93.

95. Paragraph 95 characterizes a published court decision, which is the best evidence of its contents. Any allegations contrary to the court decision's plain language and meaning are denied.

96. Paragraph 96 characterizes the 2015 Clean Water Rule and the Constitution, which are the best evidence of their contents. Any allegations contrary to the Rule and Constitution's plain language and meaning are denied.

97. Paragraph 97 contains conclusions of law to which no response is required.

**SEVENTH CLAIM FOR RELIEF**

98. Clean Water Groups incorporate by reference the above responses to Paragraphs 1-97.

99. Paragraph 99 characterizes two published court decisions, which are the best evidence of their contents. Any allegations contrary to the court decisions' plain language and meaning are denied.

100. Paragraph 100 characterizes the 2015 Clean Water Rule and a published court decision, which are the best evidence of their contents. Any allegations contrary to the Rule's plain language and meaning are denied.

101. Paragraph 101 contains conclusions of law to which no response is required.

PROPOSED ANSWER
(No. 2:19-cv-00569-JCC)   -14-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

# EIGHTH CLAIM FOR RELIEF

102. Clean Water Groups incorporate by reference the above responses to Paragraphs 1-101.

103. Paragraph 103 characterizes the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the Clean Water Act's plain language and meaning are denied.

104. Paragraph 104 characterizes two published court decisions, which are the best evidence of their contents. Any allegations contrary to the court decisions' plain language and meaning are denied.

105. Paragraph 105 characterizes the Clean Water Act, which is the best evidence of its contents. Any allegations contrary to the Clean Water Act's plain language and meaning are denied.

106. Paragraph 106 contains conclusions of law to which no response is required.

107. Paragraph 107 contains conclusions of law to which no response is required.

# PRAYER FOR RELIEF

1. The remainder of plaintiff's Complaint constitutes its requests for relief to which no response is required. Clean Water Groups aver that plaintiff is not entitled to relief on its claims for relief, and the Court should dismiss those claims with prejudice.

# GENERAL DENIAL

To the extent that any factual allegation in the Complaint has not been admitted or specifically responded to above, Clean Water Groups deny such allegation.

# DEFENSES

PROPOSED ANSWER
(No. 2:19-cv-00569-JCC)        -15-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

1. The Court lacks jurisdiction over some or all of Plaintiff's claims.

2. Plaintiff has failed to state a claim for which relief can be granted with respect to one or more of the claims set forth in the Complaint.

3. Plaintiff lacks standing with respect to one or more of the claims set forth in the Complaint.

4. One or more of the claims set forth in the Complaint is not ripe for adjudication.

5. Clean Water Groups reserve the right to raise any defense, including, but not limited to, those expressly found in Federal Rules of Civil Procedure 8(c) and 12, that may be supported by the record in this action.

Respectfully submitted this 25th day of June, 2019.

*/s/ Janette K. Brimmer*
JANETTE K. BRIMMER (WSB # 41271)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104
(206) 343-7340 (phone)
(206) 343-1526 (fax)
jbrimmer@earthjustice.org

*/s/ Jennifer C. Chavez*
JENNIFER C. CHAVEZ (DCB # 493421)
(*Pro Hac Vice pending*)
Earthjustice
1625 Massachusetts Ave., NW, Ste. 702
Washington, DC 20036-2243
(202) 667-4500 | Phone
(202) 667-2356 | Fax
jchavez@earthjustice.org

*/s/ Anna M. Sewell*
ANNA M. SEWELL (WSB # 48736)
Earthjustice
1625 Massachusetts Ave., NW, Ste. 702

PROPOSED ANSWER
(No. 2:19-cv-00569-JCC)       -16-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

Washington, DC 20036-2243
(202) 667-4500 | Phone
(202) 667-2356 | Fax
asewell@earthjustice.org

*Attorneys for [Proposed] Defendant-Intervenors Puget Soundkeeper Alliance, Sierra Club, and Idaho Conservation League*

PROPOSED ANSWER
(No. 2:19-cv-00569-JCC)

-17-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

*/s/ Janette K. Brimmer*
Janette K. Brimmer

PROPOSED ANSWER
(No. 2:19-cv-00569-JCC)                    -18-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*