THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON CATTLEMEN'S ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>Defendants. | CASE NO. C19-0569-JCC<br><br>ORDER |

This matter comes before the Court on Puget Soundkeeper Alliance, Sierra Club, and Idaho Conservation League's (collectively, the "proposed intervenors") motion to intervene (Dkt. No. 24) and motion for leave to file a brief in opposition to Plaintiff's pending motion for a preliminary injunction (Dkt. No. 27). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motions for the reasons explained herein.

I. **BACKGROUND**

Plaintiff is a nonprofit trade organization operating in Washington on behalf of the beef industry. (*See* Dkt. No. 1 at 3.) In 2015, Defendants U.S. Environmental Protection Agency (the "EPA") and Army Corps of Engineers (the "Corps") promulgated new regulations that changed the definition of the term "navigable waters" in the Clean Water Act ("CWA"), 33 U.S.C.

ORDER
C19-0569-JCC
PAGE - 1

§§ 1362(7), 1363(12) (the "2015 Rule"). (*See id*. at 8–10.) On April 16, 2019, Plaintiff filed a complaint challenging the 2015 Rule. (*See generally id*.) Plaintiff argues that the EPA and Corps exceeded their regulatory authority in promulgating the 2015 Rule and denied Plaintiff its right to notice and comment, and raises various constitutional challenges to the 2015 Rule. (*See id*. at 15–21.) Plaintiff seeks declaratory relief finding the 2015 Rule invalid and an injunction barring Defendants from enforcing the 2015 Rule. (*See id*. at 21–22.) On June 14, 2019, Plaintiff moved for a preliminary injunction, which is noted for the Court's consideration on July 19, 2019. (Dkt. No. 15.)

Puget Soundkeeper Alliance is a nonprofit corporation organized in Washington with members situated throughout the Puget Sound watershed, with the stated goal of protecting and preserving the waters of Puget Sound. (*Id*. at 4.) The Sierra Club is a nonprofit corporation organized in California, with local chapters in various states. (*Id*. at 5.) The Idaho Conservation League is a nonprofit corporation organized in Idaho with members dedicated to protecting Idaho's natural resources. (*Id*. at 5–6.) All three proposed intervenors participated in the public comment process for the 2015 Rule. (*Id*. at 4–6.)

On June 25, 2019, the proposed intervenors moved to intervene in this action. (Dkt. No. 24.)[1] The next day, the proposed intervenors filed a motion for leave to file an opposition brief to Plaintiff's pending motion for a preliminary injunction. (Dkt. No. 27.)

## II.     DISCUSSION

### A.     Motion to Intervene

The Court, in its discretion, may grant permissive intervention where the applicant "has a claim or defense that shares with the main action a common question of law or fact" and where intervention would not "unduly delay or prejudice the adjudication of the original parties'

---

[1] Proposed intervenors are the plaintiffs in a separate lawsuit before the Court, in which they assert that the 2015 Rule wrongfully excludes certain classes of water from protection under the CWA. *See Puget Soundkeeper Alliance v. Wheeler*, Case No. C15-1342-JCC, Dkt. No. 1 (W.D. Wash. 2015).

rights." Fed. R. Civ. P. 24(b)(1)(B), (b)(3). The Court may consider factors including (1) "the nature and extent of the intervenors' interest," (2) whether existing parties adequately represent those interests, (3) "the legal position [intervenors] seek to advance," and (4) "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977). "Rule 24 traditionally receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

Plaintiff does not oppose Puget Soundkeeper Alliance's permissive intervention into this lawsuit. (Dkt. No. 28 at 2–3.)[2] Plaintiff does oppose the Sierra Club and Idaho Conservation League's permissive intervention, arguing that neither group has a significant protectable interest in this litigation because Plaintiff's case is limited to the application of the 2015 Rule in Washington. (*Id*. at 4–8.) But the Sierra Club and Idaho Conservation League have claims or defenses sounding in common questions of law and fact as Plaintiff's claims in this lawsuit—the authority of the EPA and the Corps to promulgate the 2015 Rule and the proper scope of the 2015 Rule's definition of the term "navigable waters" under the CWA. (*See* Dkt. Nos. 1; 24 at 8–10, 13; 31 at 2–6.); Fed. R. Civ. P. 24(b). Further, discretionary factors weigh in favor of permissive intervention, as the proposed intervenors' have significant practical and litigation interests in this case, have plausibly argued that the present Defendants may not adequately represent their interests, and their participation will contribute to the full development of the factual issues and just adjudication of the legal questions presented by the case. (*See* Dkt. Nos. 24 at 8–13, 31 at 2–6); *Spangler*, 552 F.2d at 1329.

Further, the permissive intervention of the proposed intervenors into this case will not

---

[2] Plaintiff requests, and proposed intervenors agree, that proposed intervenors' entry into this lawsuit will not expand the scope of the lawsuit beyond Plaintiff's own claims. (*See* Dkt. Nos. 28 at 3, 31 at 7.)

unduly delay or prejudice the adjudication of Plaintiff's rights. *See* Fed. R. Civ. P. 24(b)(3). The lawsuit was filed in April 2019, and Plaintiff moved for a preliminary injunction in June 2019. (Dkt. Nos. 1, 15.) Thus, the permissive intervention of the proposed intervenors at this early stage in the lawsuit will not unduly delay or prejudice the proceedings as a whole. *See* Fed. R. Civ. P. 24(b)(3). Granting the proposed intervenors sufficient time to respond to Plaintiff's pending motion for a preliminary injunction will necessarily delay the Court's consideration of the motion, as Defendants' response was due on July 15, 2019 and the motion is noted for the Court's consideration on July 19, 2019. (*See* Dkt. Nos. 15, 32.) But such delay is not undue in light of the interests at stake in the litigation and the history of the lawsuit, and Plaintiff has not identified any prejudice that it will suffer as a result. (*See* Dkt. No. 28 at 3–4.) Further, Plaintiff will be granted additional time to fully respond to the proposed intervenors' arguments, as discussed below, which further alleviates any prejudice Plaintiff would otherwise suffer. (*See id.* at 4; Dkt. No. 29 at 3.)

Therefore, the Court finds that permissive intervention of the Puget Soundkeeper Alliance, Sierra Club, and the Idaho Conservation League is appropriate, and the proposed intervenors' motion to intervene (Dkt. No. 24) is GRANTED.[3]

### B. Motion to File Opposing Brief

The proposed intervenors move for leave to file a brief in opposition to Plaintiff's pending motion for a preliminary injunction. (Dkt. No. 27.) Plaintiff filed its motion for a preliminary injunction on June 14, 2019. (Dkt. No. 15.) Defendants filed their response to the motion on July 15, 2019. (Dkt. No. 32.) Plaintiff's reply is presently due on July 19, 2019. (*See* Dkt. No. 15.)

As discussed above, permissive intervention of the proposed intervenors is appropriate in this case, and allowing them time to respond to Plaintiff's pending motion for a preliminary

---

[3] As the Court finds grounds to allow permissive intervention, it need not decide whether the elements of intervention by right are met. *See* Fed. R. Civ. P. 24(a)(2).

1 injunction will not unduly delay or prejudice an adjudication of Plaintiff's rights. *See supra*
2 Section II.A. Therefore, the proposed intervenors' motion to file a brief in opposition to
3 Plaintiff's pending motion for a preliminary injunction (Dkt. No. 27) is GRANTED. The briefing
4 schedule for Plaintiff's pending motion for a preliminary injunction is hereby modified as set
5 forth below.

### III. CONCLUSION

For the foregoing reasons, the proposed intervenors' motion to intervene (Dkt. No. 24) and motion to file a brief in opposition to Plaintiff's pending motion for a preliminary injunction (Dkt. No. 27) are GRANTED. The proposed intervenors' opposition brief shall be filed no later than August 2, 2019. Plaintiff's combined reply to Defendants' response and the proposed intervenors' response shall be filed no later than August 9, 2016 and shall not exceed 24 pages in length. (*See* Dkt. No. 29 at 3.) The Clerk is DIRECTED to re-note Plaintiff's pending motion for a preliminary injunction (Dkt. No. 15) to August 9, 2019.

DATED this 16th day of July 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE