THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WASHINGTON CATTLEMEN'S ASSOCIATION,

Plaintiff,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY *et al.*,

Defendants.

CASE NO. C19-0569-JCC

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff's motion for leave to file a supplemental complaint (Dkt. No. 52). Intervenors do not oppose Plaintiff's motion. (*See* Dkt. No. 55 at 2.) Defendants do not oppose Plaintiff's request to supplement its complaint but ask that their response to Plaintiff's supplemental complaint be due either 30 days after the Court's resolution of Plaintiff's pending motion for a preliminary injunction (Dkt. No. 15) or 60 days from the date the Court rules on the instant motion. (*See* Dkt. No. 56 at 1–2.)

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(d) gives district courts

broad discretion to allow supplemental pleadings in the interest of judicial economy and convenience; thus, supplementation should be "allowed as of course, unless some particular reason for disallowing [it] appears." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (quoting *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963)). District courts consider a number of factors to determine whether a complaint should be supplemented. *See San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior*, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (collecting cases). If a district court grants a motion to supplement, "[t]he court may order that the opposing party plead to the supplemental pleading within a specified time." Fed. R. Civ. P. 15(d).

In 2015, the U.S. Army Corps of Engineers (the "Corps") and the Environmental Protection Agency (the "EPA") (collectively, the "Agencies") issued a final rule (the "WOTUS Rule") defining the jurisdictional scope of the CWA. Clean Water Rule: Definition of "Waters of the United States," 80 Fed. Reg. 37,054 (Jun. 29, 2015) (to be codified at 33 C.F.R. pt. 328). Plaintiff filed its complaint in this action on April 16, 2019. (Dkt. No. 1.) On October 22, 2019, the Agencies published a final regulation that purports to repeal the WOTUS Rule and readopt the regulations and guidance that were in effect prior to the promulgation of the WOTUS Rule. *See* 84 Fed. Reg. 56,626, 56,626 (to be codified at 33 C.F.R. pt. 328); (Dkt. No. 52 at 2).

The record does not disclose any reason for disallowing Plaintiff to supplement its complaint. *See Keith*, 858 F.2d at 473; *San Luis & Delta-Mendota Water Auth.*, 236 F.R.D. at 497. As discussed above, Defendants and Intervenors do not oppose Plaintiff's request to supplement its complaint. (*See* Dkt. Nos. 55, 56.) Therefore, the Court, finding good cause and in the interest of judicial economy, hereby GRANTS Plaintiff's motion for leave to file a supplemental complaint (Dkt. No. 52). Plaintiff shall file its first supplemental complaint no later than 14 days from the date this order is issued. Defendants and Intervenors' answers to Plaintiff's supplemental complaint shall be filed no later than 60 days after the date Plaintiff files its supplemental complaint.

1     DATED this 9th day of December 2019.

2                                                      William M. McCool
                                                       Clerk of Court
3
                                                       s/Tomas Hernandez
4                                                      Deputy Clerk