THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON CATTLEMEN'S ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY *et al.*,<br><br>Defendants. | CASE NO. C19-0569-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion for a preliminary injunction (Dkt. No. 15). Plaintiff seeks to enjoin the Environmental Protection Agency and the U.S. Army Corps of Engineers (collectively, the "Agencies") from enforcing, implementing, applying, or otherwise giving effect to a final rule defining "waters of the United States" (the "WOTUS Rule") for purposes of the Clean Water Act of 1972 ("CWA"), 33 U.S.C. §§ 1251–1388. *See* Clean Water Rule: Definition of "Waters of the United States," 80 Fed. Reg. 37,054 (June 29, 2015) (codified at 33 C.F.R. pt. 328); (*see generally* Dkt. No. 15). On October 22, 2019, the Agencies published a final rule (the "Repeal Rule") "to repeal the [WOTUS Rule] . . . and to restore the regulatory text that existed prior to the [WOTUS Rule]." 84 Fed. Reg. 56,626 (to be codified at 33 C.F.R. pt. 328). The Repeal Rule became effective on December 23, 2019. *See id*. at 56,626.

Federal courts may exercise jurisdiction over only certain "cases" and "controversies." *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) ("Our role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution."). As part of the case-or-controversy requirement, a plaintiff must establish that he or she has standing to bring suit in federal court. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). To establish standing, a plaintiff must demonstrate that his or her injury is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citation omitted). "A 'concrete' injury must be 'de facto'; that is, it must actually exist. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (citing Black's Law Dictionary 479 (9th ed. 2009)). For an injury to be imminent, it must be "*certainly* impending." *Clapper*, 568 U.S. at 409 (citing *Defs. of Wildlife*, 504 U.S. at 565). "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983); *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996)).

"Article III's requirements must be continuously met throughout the life of a case." *Robertson v. Allied Sols., LLC*, 902 F.3d 690, 698 (7th Cir. 2018). "The doctrine of mootness provides that '[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Tanner Advert. Grp., L.L.C. v. Fayette County*, 451 F.3d 777, 785 (11th Cir. 2006) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)). "[I]n determining whether a [claim for relief] is moot, [courts] should presume that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot, unless there is a reasonable expectation that the legislative body will reenact the challenged provision or one similar to it" based on the record of the given case. *Bd. of Trs. of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1198–

99 (9th Cir. 2019).

In its motion for a preliminary injunction, Plaintiff's claims of irreparable harm are premised on its allegations that the WOTUS Rule violates constitutional principles and expands the CWA's jurisdiction such that Plaintiff's members will have to obtain permits for previously unregulated projects. (*See* Dkt. Nos. 15 at 19–20, 40 at 19–27.) When the Repeal Rule became effective on December 23, 2019, the WOTUS Rule ceased to have any legal effect. *See, e.g.*, *N. Carolina Growers' Ass'n, Inc. v. United Farm Workers*, 702 F.3d 755, 765 (4th Cir. 2012) ("When the 2008 regulations took effect . . . , they superseded the 1987 regulations . . . . As a result, the 1987 regulations ceased to have any legal effect, and their reinstatement would have put in place a set of regulations that were new and different 'formulations' from the 2008 regulations."). As the WOTUS Rule no longer has legal effect, Plaintiff's claimed harms flowing from the rule are neither concrete nor imminent. *See Spokeo*, 136 S. Ct. at 1548; *Clapper*, 568 U.S. at 409. And because Plaintiff has not demonstrated that there is a reasonable expectation that the Agencies will again promulgate the WOTUS Rule or a rule similar to it, Plaintiff has not overcome the presumption that the Repeal Rule rendered its motion for a preliminary injunction moot. *See Bd. of Trs. of Glazing Health & Welfare Tr.*, 941 F.3d at 1198–99.[1]

Therefore, Plaintiff's motion for a preliminary injunction enjoining the Agencies from enforcing, implementing, applying, or otherwise giving effect to the WOTUS Rule (Dkt. No. 15)

---

[1] In its response to the Court's order to show cause dated October 8, 2019, Plaintiff argued that injunctive relief against the WOTUS Rule would still be necessary after the Repeal Rule took effect because "[t]here also remains the risk that [Plaintiff's] members may be subject to prosecution for actions taken before the repeal of the [WOTUS Rule] goes into effect." (Dkt. No. 49 at 4) (citing *Jacobus v. Alaska*, 338 F.3d 1095 (9th Cir. 2003)). The Ninth Circuit's decision in *Jacobus v. Alaska*, 338 F.3d 1095 (9th Cir. 2003), relied on the specific facts of that case and an Alaska state law that rendered individuals liable for past violations of criminal statutes despite their subsequent repeal or amendment. *See id*. at 1102–05. The Ninth Circuit has since overruled *Jacobus* and other cases inconsistent with the rule announced in *Board of Trustees of Glazing Health & Welfare Trust v. Chambers*, 941 F.3d 1195 (9th Cir. 2019). *See id*. at 1198–99. Therefore, Plaintiff's citation to *Jacobus* is insufficient to show that its claim for injunctive relief against the WOTUS Rule is not moot.

is DENIED as moot. Plaintiff may refile its motion for a preliminary injunction if the WOTUS Rule becomes effective again in the future.

DATED this 30th day of December 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C19-0569-JCC
PAGE - 4