1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON CATTLEMEN'S ASSOCIATION, | No. 2:19-CV-0569-JCC |
| Plaintiff, | DEFENDANTS' MOTION TO CONSOLIDATE |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | NOTE ON MOTION CALENDAR: SEPTEMBER 11, 2020 |
| Defendants. | REQUEST FOR ORAL ARGUMENT |
| And | |
| PUGET SOUNDKEEPER ALLIANCE, IDAHO CONSERVATION LEAGUE, and SIERRA CLUB, | |
| Defendant-Intervenors. | |

Motion to Consolidate
2:19-CV-0569-JCC; 2:20-CV-0950-JCC

i

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

1    PUGET SOUNDKEEPER ALLIANCE, et          No. 2:20-cv-0950-JCC
     al.,
2
                         Plaintiffs,
3

4          v.

5    UNITED STATES ENVIRONMENTAL
     PROTECTION AGENCY, et al.,
6
                         Defendants.
7

8

Defendants (the "Agencies") hereby respectfully move to consolidate the above-captioned cases *Washington Cattlemen's Association v. United States Environmental Protection Agency, et al.* (2:19-CV-0596-JCC) ("*Cattlemen*") and *Puget Soundkeeper Alliance, et al. v. United States Environmental Protection Agency, et al.* (2:20-CV-0950-JCC) ("*Soundkeeper*"). Pursuant to Local Rule 42(b), counsel for the Agencies has conferred with counsel in both cases. *See generally* Declaration of Hubert T. Lee ("Lee Decl."). Counsel for plaintiffs in *Cattlemen* have stated they support consolidation on the understanding that the cases would be consolidated for all purposes.[1] *Id.* at ¶ 2, Counsel for Puget Soundkeeper Alliance, Sierra Club, and Idaho Conservation League, who are both the plaintiffs in *Soundkeeper* and defendant-intervenors in *Cattlemen*,[2] have stated they will oppose the Agencies' motion for consolidation. *Id.*

Consolidating the *Cattlemen* and *Soundkeeper* cases is warranted for a number of reasons. Both cases involve similar questions of law and fact, require an administrative record review of the same administrative record, and involve challenges to the same regulations. Consolidating the cases would advance the goals of judicial economy and convenience of the Parties. And, consolidation is unlikely to result in any confusion, delay, or prejudice to the Parties. Thus, the Agencies' motion to consolidate should be granted.

## BACKGROUND

### I. Defining "Waters of the United States" Under the Clean Water Act.

Congress enacted the CWA, 33 U.S.C. §§ 1251 *et seq.*, which prohibits, among other things, "the discharge of any pollutant by any person," *id.* § 1311(a), to a subset of the Nation's

---

[1] Counsel for the Agencies have also conferred with counsel for the proposed intervenors in *Soundkeeper*. Lee Decl. at ¶¶ 3-4. Counsel for proposed defendant-intervenors American Petroleum Institute, American Forest & Paper Association, Edison Electric Institute, National Mining Association, and National Stone, Sand, & Gravel Association expressed support for the Agencies' proposal to consolidate the two cases. *Id.* at ¶ 3. Counsel for proposed plaintiff-intervenor, Patagonia Works, opposes the motion. *Id.* at ¶ 4.

[2] Counsel for Puget Soundkeeper Alliance, Sierra Club, and Idaho Conservation League also represents Mi Familia Vota, who is a plaintiff in *Soundkeeper* but is not a defendant-intervenor in *Cattlemen*. Lee Decl. at n. 1.

Motion to Consolidate
2:19-CV-0569-JCC; 2:20-CV-0950-JCC

1

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

waters identified as the "navigable waters," which "means the waters of the United States." *Id*. §
1362(7). Unsurprisingly, the scope of "waters of the United States" subject to CWA jurisdiction
has been the focus of litigation, including three Supreme Court decisions, the most recent being
*Rapanos v. United States*, 547 U.S. 715 (2006).

Given these ambiguities, the Agencies have gone through a number of rulemakings to
clarify the precise scope of "waters of the United States." In 2015, the Agencies revised the
regulatory definition of "waters of the United States." *See* Clean Water Rule: Definition of
"Waters of the United States," 80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Rule"). Multiple
parties sought judicial review of the 2015 Rule in district courts across the country, including in
*Washington Cattlemen's Ass'n v. EPA*, No. 0:15-cv-03058 (D. Minn.), and later in *Cattlemen*.
Dkt. No. 1 at 10. Puget Soundkeeper Alliance, Sierra Club, and Idaho Conservation League also
challenged the 2015 Rule in *Puget Soundkeeper Alliance et al. v. Wheeler*, 2:15-cv-01342-JCC.
In that case, this Court denied plaintiffs' summary judgment motion and granted Defendants'
cross-motion, finding plaintiffs lacked standing. *Id.* Dkt. No. 103. *Cattlemen* plaintiff and other
parties also filed petitions for review in the courts of appeals. *Id.* In October 2015, the Sixth
Circuit stayed the 2015 Rule nationwide. *See In re EPA & Dep't of Def. Final Rule*, 803 F.3d
804, 808-09 (6th Cir. 2015). The Agencies then returned to the 1986 Regulations' definition of
"waters of the United States," as informed by applicable agency guidance documents and
consistent with Supreme Court decisions and longstanding agency practice. *See* 83 Fed. Reg.
5200, 5201 (Feb. 6, 2018). After the Supreme Court ruled that challenges to the 2015 Rule must
be brought in district court, *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 138 S. Ct. 617, 624 (2018), the
Sixth Circuit vacated its nationwide stay and the 2015 Rule became effective again in Washington
state. *In re U.S. Dep't of Def. & EPA Final Rule*, 713 F. App'x 489, 490-91 (6th Cir. 2018).

In 2017, the Agencies began reconsidering the 2015 Rule. They conducted a notice-and-
comment rulemaking process. And, taking into consideration the court orders remanding the 2015
Rule, the Agencies issued a final rule repealing the 2015 Rule and reinstating the pre-2015 Rule
regulatory definition of "waters of the United States." *See* 84 Fed. Reg. 56,626, 56,626 (Oct. 22,

Motion to Consolidate
2:19-CV-0569-JCC; 2:20-CV-0950-JCC

2

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

2019) ("Repeal Rule") ("The agencies will implement the pre-2015 . . . regulations informed by applicable agency guidance documents and consistent with Supreme Court decisions and longstanding agency practice."). The Repeal Rule went into effect on December 23, 2019. *Id*. at 56,626. Multiple parties have sought judicial review of the Repeal Rule in various district courts, including *Cattlemen* and *Soundkeeper*.

On January 23, 2020, the Agencies signed a final rule—the Navigable Waters Protection Rule (NWPR)—that defines "waters of the United States." The NWPR was published in the Federal Register on April 21, 2020, and went into effect on June 22, 2020, 85 Fed. Reg. 22,250 (Apr. 21, 2020) (except in the state of Colorado where a preliminary injunction applies—*see Colorado v. EPA*, No. 1:20-cv-01461, 2020 WL 3402325 (D. Colo. June 19, 2020) *appeals docketed,* Nos. 20-1238, 20-1262, 20-1263 (10th Cir.)).

## II.    Two Suits to Be Consolidated.

### A.    The *Cattlemen* Case

*Cattlemen* plaintiff initiated its lawsuit on April 16, 2019 (*Washington Cattlemen's Association v. United States Environmental Protection Agency, et al.* (2:19-CV-0596-JCC)), first challenging the 2015 Rule. Dkt. No. 1.

On June 25, 2019, citing support for the 2015 Rule and a desire to defend "the [CWA's] full jurisdiction from improper limitation," Puget Soundkeeper Alliance, Sierra Club, and Idaho Conservation League (collectively "*Cattlemen* Intervenors") moved to intervene as defendant-intervenors. Dkt. No. 24 at 6. Their motion to intervene was granted on July 16, 2020. Dkt. No. 33.

*Cattlemen* plaintiff subsequently filed two supplemental complaints. First, on December 20, 2019, it added claims to its complaint challenging the Repeal Rule. Dkt. No. 60. The claims against the Repeal Rule allege that the Repeal Rule's purported regulation of (i) all "tributaries" with an ordinary high water mark, (ii) all waters "adjacent" to all "tributaries" with an ordinary high water mark, (iii) all interstate waters, and (iv) isolated waters is arbitrary and capricious and thus unlawful. Dkt. No. 60 at ¶¶ 109-125. *Cattlemen* plaintiff further charges that its members

Motion to Consolidate
2:19-CV-0569-JCC; 2:20-CV-0950-JCC

3

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

1  were denied the right to comment on the Repeal Rule, the Repeal Rule is unconstitutional, the

2  Repeal Rule violates the Congressional Review Act, and the 2008 Post-*Rapanos* Guidance is

3  facially invalid. *Id.* at ¶¶ 126-155. Second, on May 4, 2020, *Cattlemen* plaintiff added claims

4  regarding portions of the NWPR, which challenges as arbitrary and capricious and/or

5  unconstitutional certain provisions of the NWPR, including the purported unlawful regulation of:

6  (i) isolated non-navigable waters "used in Interstate Commerce"; (ii) all intermittent "tributaries";

7  (iii) non-navigable perennial "tributaries"; (iv) isolated and//or non-navigable lakes and ponds,

8  and impoundments; and (v) non-abutting wetlands.[3] Dkt. No. 72 at ¶¶ 161-251.

9       Per the Parties' stipulation, on July 31, 2020, the Court agreed to continue the *Cattlemen*

10  plaintiff's claims based on the 2015 Rule and Repeal Rule pending the resolution of the *Cattlemen*

11  plaintiff's claims against the Agencies based on the NWPR. Dkt. No. 86.

12      **B.     The *Soundkeeper* Case**

13      Puget Soundkeeper Alliance, Sierra Club, Idaho Conservation League, and Mi Familia

14  Vota (collectively "*Soundkeeper* plaintiffs") initiated the *Soundkeeper* suit on June 22, 2020

15  (*Puget Soundkeeper Alliance, et al. v. United States Environmental Protection Agency, et al.*

16  (2:20-CV-0950-JCC)). Dkt. No. 1. Puget Soundkeeper Alliance, Sierra Club, and Idaho

17  Conservation League are the same entities that have been granted the right to intervene in

18  *Cattlemen* and are represented by the same counsel.

19      The *Soundkeeper* plaintiffs' suit brings claims against the Agencies challenging both the

20  Repeal Rule and the NWPR. *See generally* Dkt. No. 1. *Soundkeeper* plaintiffs generally allege

21  that: (i) the Agencies exceeded their authority under the CWA when, in the NWPR, they

22

23

24

25

26

27

---

[3] The *Cattlemen* plaintiff have filed two motions for preliminary injunction. First on June 14, 2019, it filed a motion to preliminarily enjoin the 2015 Rule. *See* Dkt. No. 15. On December 30, 2019, the Court denied the Cattlemen plaintiff's first motion for preliminary injunction on the grounds that the Repeal Rule rendered the motion moot. Dkt. No. 61. Second, on June 15, 2020, plaintiff moved to preliminarily enjoin the portions of the NWPR that regulate "intermittent" tributaries and certain non-abutting adjacent wetlands. Dkt. No. 77. The Court has not yet ruled on that motion.

Motion to Consolidate
2:19-CV-0569-JCC; 2:20-CV-0950-JCC

4

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

purportedly defined waters of the United States to exclude waters having an effect on or connection to the physical, chemical, and biological integrity of downstream traditional navigable waters; (ii) the NWPR is arbitrary and capricious because it purportedly failed to explain the Agencies' "change in position" and purportedly failed to consider various scientific records; (iii) the NWPR's waste treatment exclusion is arbitrary and capricious; (iv) the Agencies' adopted the NWPR's waste treatment exclusion without complying with notice and comment; and (v) the Repeal Rule is arbitrary and capricious because it purportedly failed to explain the Agencies' "change in position" and purportedly failed to consider various scientific records. *See* Dkt. No. 1 at ¶¶ 83-111.

## LEGAL STANDARD

Rule 42(a) of the Federal Rules of Civil Procedure allows a court to consolidate actions that involve a common question of law or fact. Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Res. Co. v. U.S. Dist. Court for C.D. Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In determining whether the cases should be consolidated, the Court "weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Price v. Equilon Enterprises, LLC*, No. 11-1553-MJP, 2018 WL 6696714, at *1 (W.D. Wash. Dec. 20, 2018) (*quoting S.W. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989)); *see also First Mercury Ins. Co. v. SQI, Inc.*, No. C13-2109JLR, 2014 WL 496685, at *2 (W.D. Wash. Feb. 6, 2014) ("The Court considers a number of factors in analyzing the appropriateness of consolidation, including judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation.").

## ARGUMENT

### I.    Both Cases Involve Challenges to the Same Regulations and Similar Parties.

The Court should consolidate the two cases because they involve similar questions of law and fact and involve challenges to the same regulations. Because both sets of plaintiffs are

Motion to Consolidate
2:19-CV-0569-JCC; 2:20-CV-0950-JCC

5

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

challenging the same Agencies' actions, the same administrative records will form the basis for judicial review in both matters. Accordingly, both cases "share basic relevant facts" supporting consolidation. *En Fuego Tobacco Shop LLC v. United States Food & Drug Admin.*, 356 F. Supp. 3d 1, 10 (D.D.C. 2019) (finding consolidation appropriate when "[b]oth cases involve the same administrative record . . . which will serve as the court's primary, if not exclusive, source of facts to decide the presented legal issues. The 'operative facts' are therefore the same"); *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys.*, 770 F.Supp.2d 283, 287 (D.D.C. 2011) (finding consolidation appropriate where the cases involved "the same administrative record").

Although there are some differences between the plaintiffs' claims, both cases involve challenges to the same regulations, namely the Repeal Rule and the NWPR. *See Cattlemen* Second Supplemental Complaint, Dkt. No. 72; *Soundkeeper* Complaint, Dkt. No. 1. While the *Cattlemen* plaintiff also challenged the 2015 Rule, those claims (along with *Cattlemen* plaintiff's claims against the Repeal Rule[4]) have been continued pending the resolution of *Cattlemen* plaintiff's claims against the NWPR. *See* Dkt. No. 86. Thus, given that both *Cattlemen* plaintiff and *Soundkeeper* plaintiffs have at least pending challenges to the NWPR, it would serve judicial economy to consolidate and adjudicate both cases together.

Furthermore, *Soundkeeper* plaintiffs Puget Soundkeeper Alliance, Sierra Club, and Idaho Conservation League are also defendant-intervenors in *Cattlemen* and are represented by the same counsel in both cases. Similarly, the Agencies are the defendants in both *Cattlemen* and *Soundkeeper* and are represented by the same counsel. This weighs in favor of consolidation. *See Price*, 2018 WL 6696714, at *2 (finding consolidation was warranted when the two cases involved the "same defendant, [] the same lawyers", involved the same factual predicates, and involved related causes of action).

---

[4] The Agencies sought a similar stipulation with *Soundkeeper* plaintiffs to also continue their claims against the Agencies' Repeal Rule. The *Soundkeeper* plaintiffs declined to stipulate as such. Accordingly, the Agencies may similarly move to continue *Soundkeeper* plaintiffs' claims against the Repeal Rule.

Motion to Consolidate
2:19-CV-0569-JCC; 2:20-CV-0950-JCC

6

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

1   **II.     Convenience and Judicial Economy Weigh in Favor of Consolidation.**

2           Considerations of convenience and economy weigh in favor of consolidating *Cattlemen*

3   and *Soundkeeper*. Consolidating the cases would serve judicial economy in a number of ways.

4           First, it would allow the Parties to schedule case management deadlines in a streamlined

5   and coordinated manner (as opposed to having two cases running in a parallel, potentially

6   disjointed fashion).

7           Second, consolidation would streamline summary judgment briefing by allowing for the

8   claims concerning the NWPR in both cases to be briefed in a single, uniform motions practice.

9   Because both cases are administrative review cases, both cases are expected to be resolved

10  through summary judgment briefing. By allowing the Parties to present their claims in

11  consolidated briefing, the Parties may be able to conserve resources while the Court can

12  adjudicate the Parties' claims without unnecessary additional briefing.

13          Third, consolidation would allow the Court to address overlapping issues in a more

14  streamlined fashion and avoid potentially inconsistent outcomes between the two cases.

15          Fourth, consolidation would further capitalize on this Court's knowledge of the ongoing

16  "waters of the United States" litigation, as this Court has already been involved in both cases

17  which involve challenges to the NWPR and Repeal Rules.[5] Indeed, this Court had already ruled

18  at summary judgment that plaintiffs Puget Soundkeeper Alliance, Sierra Club, and Idaho

19

20

21

22  [5] While *Cattlemen* includes a 2015 Rule challenge but *Soundkeeper* does not, *Soundkeeper*

23  plaintiffs Puget Soundkeeper Alliance, Sierra Club, and Idaho Conservation League intervened
    in the *Cattlemen* case in defense of the *Cattlemen* plaintiff's challenge to the 2015 Rule.

24  *Cattlemen*, Dkt. No. 24. Further, this Court has already decided *Soundkeeper* plaintiffs'
    challenge to the 2015 Rule. *See Puget Soundkeeper Alliance et al. v. Wheeler*, 2:15-cv-01342-

25  JCC, Dkt. No. 103. The Agencies maintain that nothing remains of the 2015 *Puget Soundkeeper*
    case that was decided at summary judgment for lack of standing and that the *Puget Soundkeeper*

26  plaintiffs waived their non-wastewater treatment exclusion claims by failing to raise them at
    summary judgment. But to the extent there are still outstanding issues, those issues should also

27  be consolidated in this case.

Motion to Consolidate                                           U.S. Dept. of Justice/ENRD
2:19-CV-0569-JCC; 2:20-CV-0950-JCC                                    P.O. Box 7611
                                                                  Washington, D.C. 20044
                              7                                      (202) 514-1806

1    Conservation League lacked standing to challenge the 2015 Rule's waste treatment system

2    exclusion. *See Puget Soundkeeper Alliance et al. v. Wheeler*, 2:15-cv-01342-JCC at Dkt. No. 103.

3         These efficiency considerations clearly weigh in favor of consolidation. *See*, *e.g.*, *Cloanto*

4    *Corp. v. Hyperion Entm't C.V.B.A.*, No. C18-0535JLR, 2018 WL 3619635, at *2 (W.D. Wash.

5    July 30, 2018) (noting that consolidation would serve the interest of judicial economy when "(1)

6    it eliminates the need to file separate motions in each case on similar issues, (2) it allows the court

7    to address overlapping issues in a more streamlined fashion, [] (3) it capitalizes on [the court's]

8    knowledge of . . . prior litigation between parties [and (4)] maintaining two separate cases may

9    yield inconsistent results.").

10   **III.    Any Delay, Confusion, or Prejudice to the Parties as a Result of Consolidation**

11   **Would be Minimal.**

12        Any delay, prejudice, or confusion caused by consolidating these cases will be minimal.

13   As an initial matter, as stated above, *Cattleman* plaintiff has already consented to consolidating

14   these cases. Lee Decl. at ¶ 2. Because both cases are in relatively nascent stages, neither case will

15   be delayed and the Parties will suffer no prejudice as a result of consolidation. In fact, there has

16   been no scheduling order issued in either case regarding case management deadlines or summary

17   judgment briefing. Accordingly, none of the concerns that come with consolidating cases that are

18   in substantially different procedural postures are present here. *C.f.*, *Interscope Records v.*

19   *Leadbetter*, No. C05-1149-MJP-RSL, 2007 WL 709296, at *2 (W.D. Wash. Mar. 5, 2007)

20   (finding consolidation inappropriate where cases were in substantially different phases of the pre-

21   trial process; one case had a bench trial scheduled in two months while the other case had pending

22   cross-motions for summary judgment and a settlement conference scheduled in one month).

23        Indeed, not consolidating these cases may actually create more delay, prejudice, and

24   confusion for the parties by creating two disjointed proceeding calendars for parallel cases that

25   should be running as one. Consolidation would allow the Court to merge scheduling orders into

26   a single unified motions practice. The Agencies are more than willing to work with the other

27

Motion to Consolidate
2:19-CV-0569-JCC; 2:20-CV-0950-JCC

8

1  parties to seek to obtain agreement on a proposed briefing schedule and appropriate page limits
2  for briefs.

3  <center>**CONCLUSION**</center>

4        For the following reasons, the Agencies respectfully requests that Court consolidate the
5  above-captioned cases *Washington Cattlemen's Association v. United States Environmental*
6  *Protection Agency, et al.* (2:19-CV-0596-JCC) and *Puget Soundkeeper Alliance, et al. v. United*
7  *States Environmental Protection Agency, et al.* (2:20-CV-0950-JCC) into a single proceeding
8  pursuant to Fed. R. Civ. P. 42(a).

9  Dated: August 27, 2020          Respectfully submitted,

10

11            /s/ *Hubert T. Lee*

12            HUBERT T. LEE
          SONYA J. SHEA
13            *Trial Attorneys*
          Environmental Defense Section
14            U.S. Department of Justice
          P.O. Box 7611
15            Washington, DC 20044
16            (202) 514-1806 (Lee)
          (303) 844-7231 (Shea)
17            Hubert.lee@usdoj.gov
18            Sonya.Shea@usdoj.gov

19            COUNSEL FOR DEFENDANTS

20

21

22

23

24

25

26

27

Motion to Consolidate
2:19-CV-0569-JCC; 2:20-CV-0950-JCC

9

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2020, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

/s/ *Hubert T. Lee*

Hubert T. Lee

Motion to Consolidate
2:19-CV-0569-JCC; 2:20-CV-0950-JCC

10

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806