THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON CATTLEMEN'S ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; ANDREW WHEELER, in his official capacity as Administrator of the United States Environmental Protection Agency; UNITED STATES ARMY CORPS OF ENGINEERS; and R.D. JAMES, in his official capacity as Assistant Secretary for Civil Works, Department of the Army,<br><br>Defendants,<br><br>PUGET SOUNDKEEPER ALLIANCE, IDAHO CONSERVATION LEAGUE, and SIERRA CLUB,<br><br>Defendant-Intervenors. | Case No. 2:19-cv-00569-JCC<br><br><br>DEFENDANT-INTERVENORS' RESPONSE IN OPPOSITION TO MOTION TO CONSOLIDATE |

## INTRODUCTION

Defendant-Intervenors Puget Soundkeeper Alliance, Sierra Club, and Idaho Conservation League ("Intervenor Conservation Groups"), oppose consolidation of this case with *Puget*

DEFENDANT-INTERVENORS' RESPONSE IN OPPOSITION
TO MOTION TO CONSOLIDATE
(No. 2:19-cv-00569-JCC)                    -1-

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA 98104*
*(206) 343-7340*

*Soundkeeper Alliance v. U.S. Environmental Protection Agency*, Case No. 2:20-cv-00950-JCC. The Intervenor Conservation Groups oppose consolidation because it will not promote clarity or economy for the Court or the parties. Rather, consolidation will unnecessarily complicate both cases and will be particularly prejudicial to the Intervenor Conservation Groups and the additional plaintiff in Case No. 2:20-cv-00950-JCC.[1]

## BACKGROUND OF CASES

While the two cases the U.S. Environmental Protection Agency and Army Corps of Engineers (the "Agencies") seek to consolidate both involve the Navigable Waters Protection Rule, 85 Fed. Reg. 22,250 (Apr. 21, 2020), and the Agencies are defendants in both cases, the similarity ends there. The nature and extent of the legal claims and the remedies sought differ significantly between the cases, as do the parties.

A. The Cattlemen's Case (Case No. 2:19-cv-00569-JCC)

With its complaint, the Washington Cattlemen's Association ("Cattlemen") challenge several Agency actions—the 2015 Clean Water Rule, the repeal of the 2015 Clean Water Rule ("Repeal Rule"), and the replacement of that rule with the Navigable Waters Protection Rule ("Navigable Waters Rule")—in 26 separate claims and 36 specific requests for relief. Dkt. No. 72. Cattlemen have recently voluntarily stayed their claims against the 2015 Clean Water Rule and the Repeal Rule. *See* Dkt. No. 86. Cattlemen's challenge to the Navigable Waters Rule is grounded on their claim that only waters that are navigable-in-fact are protected under the Clean Water Act and that, because the regulation may protect some intermittent streams and some wetlands that are not physically connected on the surface in a "typical year" to a navigable-in-

---

[1] In addition to the Conservation Groups, there is an additional plaintiff party in Case No. 2:20-cv-00950-JCC, Mi Familia Vota, who is not a party in this case and who also opposes consolidation. *See* Notice filed by plaintiffs in Case No. 2:20-cv-00950-JCC, Dkt. No. 39.

DEFENDANT-INTERVENORS' RESPONSE IN OPPOSITION
TO MOTION TO CONSOLIDATE
(No. 2:19-cv-00569-JCC)                    -2-

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

fact water, the Navigable Waters Rule violates the Clean Water Act and the Constitution. Dkt. No. 72. More specifically, Cattlemen claim the Navigable Waters Rule exceeds the scope of the Clean Water Act, *Id.* ¶¶ 170, 184, 196, 205, and 217, and Cattlemen further claim that the Navigable Waters Rule violates the Commerce Clause, the Tenth Amendment, Article I, and the Due Process Clause of the U.S. Constitution, *id.* ¶¶ 231, 232, 241, and 250, and the non-delegation and void-for-vagueness constitutional doctrines, *id.* ¶ 241 and 250.

Cattlemen moved for a preliminary injunction and the motion is pending. Dkt. No. 77. Cattlemen make an unusual argument as to remedies in their request for injunctive relief and the ultimate relief requested in the case. Customarily, a successful challenge to an agency rule results in vacatur of the rule, reverting to the situation existing prior to the rule. *Pollinator Stewardship Council v. EPA*, 806 F.3d 520, 530-31 (9th Cir. 2015) (citing *Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 994 (9th Cir. 2012); *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993)). Alternatively, in some limited instances, if the reviewing court finds it appropriate, the challenged rule remains in place during remand to the agency for a new rulemaking. *Id.* Cattlemen are not satisfied with either of these approaches, however, as a potential remedy. Cattlemen do not seek vacatur because they oppose all of the earlier rules as well. Rather, Cattlemen seek to enjoin only "the offending provisions of the Navigable Waters Rule," Dkt. No. 72 at ¶ 73, effectively asking the Court to rewrite the regulation to excise the portions Cattlemen object to and thereby limit application of the Clean Water Act even further. *See also,* Dkt. No. 72 ¶¶ 25, 28, 31, and 34. In contrast, the remedy sought by the plaintiffs in Case No. 2:20-cv-00950-JCC is simple vacatur of the Navigable Waters Rule and the Repeal Rule. Case No. 2:20-cv-00950-JCC Dkt. No. 1.

As to parties, Cattlemen are not a party in the case brought by the nonprofit advocacy organizations, Case No. 2:20-cv-00950-JCC.  The Intervenor Conservation Groups are plaintiffs in that case, but there is an additional plaintiff, Mi Familia Vota, who is not an intervenor in Cattlemen's case.  Mi Familia Vota, with the other plaintiffs, opposes consolidation.  Case No. 2:20-cv-00950-JCC, Dkt. No. 39.  The case brought by the nonprofit advocacy organizations also has industry defendant-intervenors supporting the Agencies:  American Petroleum Institute, American Forest & Paper Association, Edison Electric Institute, National Mining Association, and the National Stone, Sand, & Gravel Association. Case No. 2:20-cv-00950-JCC, Dkt. No. 8.  There is also a pending Motion to Intervene as plaintiff by Patagonia Works.  Case No. 2:20-cv-00950-JCC, Dkt. No. 21.

None of the intervenor parties in Case No. 2:20-cv-00950-JCC is a party in this, the Cattlemen's, case and the Cattlemen's claims are not part of any claims, either in defense of or in challenges to, the Navigable Waters or Repeal Rules in Case No. 2:20-cv-00950-JCC.

B.     The Advocacy Groups' Case (Case No. 2:20-cv-00950-JCC)

On June 22, 2020, Puget Soundkeeper Alliance, Sierra Club, Idaho Conservation League, and Mi Familia Vota ("Plaintiff Advocacy Groups") filed a case challenging the Navigable Waters Rule and the Repeal Rule.  Case No. 2:20-cv-00950-JCC, Dkt. No. 1.  Unlike the Cattlemen, the Advocacy Groups have not stayed any portion of their claims because they are interdependent actions and claims with the same record and the plaintiffs seek vacatur of both the Repeal Rule and the Navigable Waters Rule in order to return to the 2015 Clean Water Rule. Case No. 2:20-cv-00950-JCC, Dkt. No. 1.  As noted above, the Advocacy Groups' Case No. 2:20-cv-00950-JCC includes a number of intervenor-defendants defending the Navigable Waters Rule and a pending intervenor-plaintiff, none of whom are parties in this case.

DEFENDANT-INTERVENORS' RESPONSE IN OPPOSITION
TO MOTION TO CONSOLIDATE
(No. 2:19-cv-00569-JCC)                   -4-

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

In 2:20-cv-00950-JCC, the Plaintiff Advocacy Groups, in five causes of action, make claims against the Repeal Rule and the Navigable Waters Rule. Plaintiff Advocacy Groups assert that the Navigable Waters Rule excludes waters that are protected by the Act, and that both recent rules are contrary to the law and the entirety of the evidence before the Agencies, including the robust scientific record and the comments and direction of EPA's Science Advisory Board. Case No. 2:20-cv-00950-JCC Dkt. No. 1 ¶¶ 84-96 and 106-111. The Plaintiff Advocacy Groups also make claims particular to the waste-treatment exemption, which creates a significant loophole in Clean Water Act protections, allowing waters to be used for the disposal of waste without regard to statutory requirements. *Id.* ¶¶ 98-105. The Cattlemen's case involves no claims regarding the waste-treatment exemption. Plaintiff Advocacy Groups have also given notice of their intent to add claims regarding the Agencies' failure to consult under the Endangered Species Act ("ESA") on either the Repeal Rule or the Navigable Waters Rule. Declaration of Janette K. Brimmer, Exhibit A. The 60 day notice period for the ESA claims has now expired and the Plaintiff Advocacy Groups are preparing to move forward with adding those claims in Case No. 2:20-cv-00950-JCC. Brimmer Decl. There are no ESA issues in the Cattlemen's case. Finally, there are no constitutional claims at issue in the Plaintiff Advocacy Groups' case.

ARGUMENT

I.  EVEN IF THERE ARE SIMILARITIES BETWEEN CASES, COURTS MUST WEIGH THE POTENTIAL CONFUSION OR PREJUDICE THAT MAY RESULT FROM CONSOLIDATION.

Under Federal Rule of Civil Procedure 42(a), a court considering consolidation should assess whether consolidation would further judicial economy and hasten resolution of the case, whether separate cases could yield inconsistent results, and the potential prejudice to any party opposing consolidation. *See Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008);

DEFENDANT-INTERVENORS' RESPONSE IN OPPOSITION
TO MOTION TO CONSOLIDATE
(No. 2:19-cv-00569-JCC)                    -5-

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA 98104*
*(206) 343-7340*

*In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987); *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984); *Williams v. Gage,* 2018 WL 4608288 at*4 (W.D. Wash. 2018).  Here, a number of these factors weigh against consolidation and none strongly supports it.  There is no symmetry of parties and claims, consolidation will lead to confusion and unfair prejudice to the nonprofit conservation and advocacy organizations, and there is no danger of inconsistent results given that both cases are assigned to the same judge.

II.   CONSOLIDATION WILL NOT BE MORE EFFICIENT, WILL NOT MAKE EITHER CASE MORE CLEAR, AND WILL PREJUDICE THE PLAINTIFF ADVOCACY GROUPS.

   A.   The Parties And Claims Differ Between The Two Cases.

While the two cases have some overlap, they are far from the same, with different parties and divergent claims—claims that differ in both number and kind, the laws at issue, and the requests for relief.  *See* Background *supra*.  In addressing the Clean Water Act claims made by Cattlemen, the Court will be required to decide whether the Clean Water Act's protections extend only to waters that are navigable-in-fact.  While the Intervenor Conservation Groups dispute that claim, the Plaintiff Advocacy Groups' (which include Mi Familia Vota) claims in Case No. 2:20-cv-00950-JCC present the polar opposite claim that the Navigable Water Rule is unlawfully narrow.  Further, the Plaintiff Advocacy Groups' claims are based not only on the Clean Water Act, but Plaintiff Advocacy Groups also challenge the Repeal Rule and the Navigable Waters Rule as contrary to the scientific evidence and the Agencies' records, an issue in which the Cattlemen have presented no interest or claim.[2]  In the Cattlemen's case, the Intervenor Conservation Groups will have to respond to the constitutional claims, but those

---

[2] Again, Cattlemen have voluntarily placed their Repeal claims, which are not record-based, on hold.

DEFENDANT-INTERVENORS' RESPONSE IN OPPOSITION
TO MOTION TO CONSOLIDATE
(No. 2:19-cv-00569-JCC)                    -6-

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

claims do not have to be briefed or addressed in Case No. 2:20-cv-00950-JCC.  Also, the various intervenor parties in Case No. 2:20-cv-00950-JCC have no interest in Cattlemen's claims.  Finally, the Plaintiff Advocacy Groups in Case No. 2:20-cv-00950-JCC will be briefing issues related to the waste-treatment exemption claims and ESA claims, issues in which the defendant-intervenors in Case No. 2:20-cv-00950-JCC are interested, but which are not part of Cattlemen's case.

The many differences between the two cases mean that consolidation will do little, if anything, to make briefing and resolution of the two cases more efficient or clear; indeed it risks confusing the issues with unnecessary complexities.  Overall, lumping all of these claims and arguments together into an enormous brief—and it will have to be enormous to address all of the issues and claims in the two very different cases—will unnecessarily complicate matters for the court and parties.

The Agencies' claim that having all the issues briefed in one big summary judgment proceeding with multiple parties is somehow more efficient for the Court is misguided.  The Court will have to decide each distinct issue whether the cases are consolidated or not; consolidation would not result in more efficient resolution of the many issues in the two cases.  The Agencies' statement that they will strive to ensure coordinated briefing with the other parties also does not dictate consolidation.  Coordinated and orderly briefing schedules can and should occur regardless of consolidation.  The supposed efficiencies of engaging in one gigantic briefing exercise—as opposed to allowing the two cases to proceed separately with their own distinct briefing—are illusory.

DEFENDANT-INTERVENORS' RESPONSE IN OPPOSITION
TO MOTION TO CONSOLIDATE
(No. 2:19-cv-00569-JCC)                    -7-

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

B. <u>Consolidation Will Prejudice The Non-Profit Conservation And Advocacy Groups.</u>

Forcing the nonprofit Conservation and Advocacy Groups to brief all the Clean Water Act, constitutional law, and remedy issues in the Cattlemen's case together with the distinct Clean Water Act, record, waste-treatment exemption, and ESA issues in Case No. 2:20-cv-00950-JCC will result in long and unnecessarily complicated briefs.  The Plaintiff Advocacy Groups should not have their important and primary claims forced into a different frame or lumped in with Cattlemen's claims, which are very different in kind.

Further, only the nonprofit Conservation and Advocacy Groups, particularly the Plaintiff Advocacy Groups in Case No. 2:20-cv-00950-JCC, are put in this position.  It is likely the Agencies' defenses will be substantially similar, certainly on the Clean Water Act claims, so the Agencies will not be put in the same position as the Conservation and Advocacy Groups. Cattlemen are not intervenors in Case No. 2:20-cv-00950-JCC, so they will not need to brief issues in that case.  The intervenors in Case No. 2:20-cv-00950-JCC are not involved in the Cattlemen's case and will not need to brief the array of constitutional and navigable-in-fact claims and arguments in the Cattlemen's case.  Only the Conservation Groups/Plaintiff Advocacy Groups will be put in the position of, and be prejudiced by, having to address the myriad arguments and claims that will stem from pushing these two cases together.  The lopsided impact on the non-profit advocacy organizations, in particular, outweighs whatever benefit the Agencies believe they will get from filing a single brief.  Rule 42(a) does not dictate imposing that kind of lopsided burden on one party for the benefit of another.

C. <u>Separate Briefing Will Help Lessen Prejudice In The Event Of Consolidation.</u>

At a minimum, should the Court decide to consolidate the cases, the Intervenor Conservation Groups and the Plaintiff Advocacy Groups in Case No. 2:20-cv-00950 JCC request

DEFENDANT-INTERVENORS' RESPONSE IN OPPOSITION
TO MOTION TO CONSOLIDATE
(No. 2:19-cv-00569-JCC) -8-

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*

that briefing proceed separately in an effort to control the length and complexity of the briefs and to help keep confusion between the issues to a minimum. Separate briefing will allow the parties to address only the issue in which they are engaged and in a manner that avoids much of the unnecessary complexity that will occur in one large consolidated brief and will avoid the prejudice to the Conservation and Plaintiff Advocacy Groups inherent in consolidation.

## CONCLUSION

While the case law does not require perfect symmetry for consolidation, these cases are quite different and the impact and prejudice of consolidation would fall lopsidedly on the Intervenor Conservation Groups/Plaintiff Advocacy Groups. The Intervenor Conservation Groups respectfully request that the Court deny the Motion to Consolidate.

Respectfully submitted this 14th day of September, 2020.

*/s/ Janette K. Brimmer*
Janette K. Brimmer, WSB # 41271
EARTHJUSTICE
810 Third Avenue, Suite 610
Seattle, WA 98104
(206) 343-7340
jbrimmer@earthjustice.org

Anna Sewell, WSB # 48736
EARTHJUSTICE
1001 G Street NW, Suite 1000
Washington, D.C. 20001
(202) 667-5233
asewell@earthjustice.org

*Counsel for Defendant-Intervenors Puget Soundkeeper Alliance, Sierra Club, and Idaho Conservation League*

DEFENDANT-INTERVENORS' RESPONSE IN OPPOSITION
TO MOTION TO CONSOLIDATE
(No. 2:19-cv-00569-JCC)   -9-

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA 98104*
*(206) 343-7340*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record and all registered participants.

DATED: September 14, 2020

/s/ Janette K. Brimmer
Janette K. Brimmer

DEFENDANT-INTERVENORS' RESPONSE IN OPPOSITION
TO MOTION TO CONSOLIDATE
(No. 2:19-cv-00569-JCC)           -10-

*Earthjustice*
*810 Third Ave., Suite 610*
*Seattle, WA  98104*
*(206) 343-7340*