The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON CATTLEMEN'S ASSOCIATION,<br><br>          Plaintiff,<br><br>   v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>          Defendants.<br><br>And<br><br>PUGET SOUNDKEEPER ALLIANCE, IDAHO CONSERVATION LEAGUE, and SIERRA CLUB,<br><br>          Defendant-Intervenors. | No. 2:19-CV-0569-JCC<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE<br><br><br>NOTE ON MOTION CALENDAR: SEPTEMBER 18, 2020<br><br>REQUEST FOR ORAL ARGUMENT |

Defendants' Reply ISO Motion to Consolidate
2:19-CV-0569-JCC;  2:20-CV-0950-JCC

i

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE, et al., | No. 2:20-cv-0950-JCC |
| Plaintiffs, | |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | |
| Defendants. | |

Defendants' Reply ISO Motion to Consolidate
2:19-CV-0569-JCC;  2:20-CV-0950-JCC

ii

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

Defendants (the "Agencies") hereby submit the following reply brief in support of their motion to consolidate the above-captioned cases *Washington Cattlemen's Association v. United States Environmental Protection Agency, et al.* (2:19-CV-0596-JCC) ("*Cattlemen*") and *Puget Soundkeeper Alliance, et al. v. United States Environmental Protection Agency, et al.* (2:20-CV-0950-JCC) ("*Soundkeeper*"). Dkt. No. 87.[1] While Puget Soundkeeper Alliance, Sierra Club, Idaho Conservation League, and Mi Familia Vota (collectively, "Conservation Groups") oppose consolidation, *see Cattlemen* Dkt. No. 90 ("Opp."), their assertions lack merit.[2] Consolidating the proceedings will not confuse the Court, but rather, give the Court a better perspective of the issues in these proceedings; overall efficiency is best served through consolidation; consolidation will mitigate the potential risk of inconsistent rulings; and prejudice to the parties is minimal and can be further mitigated through stipulation. Thus, the Agencies' motion to consolidate should be granted.

## I. Consolidating Briefing Will Not Confuse the Court; It Will Provide the Court with a Broader Perspective on the Regulations at Issue in the Proceedings.

Conservation Groups assert that consolidating the proceedings and creating a common briefing schedule risks confusing the Court. Opp. at 7. This concern is unwarranted. The Court has familiarity with many of the issues underlying the claims that would be consolidated, having presided over another case involving a challenge to the Agencies' regulations defining "waters of the United States" and (with the exception of one plaintiff) involving the same parties as in the

---

[1] As explained in the Agencies' Motion to Consolidate, both suits challenge two regulations promulgated by the Agencies, the Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22,250 (Apr. 21, 2020) ("NWPR") and the Definition of "Waters of the United States"–Recodification of Pre-Existing Rules, 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("Repeal Rule"). While the *Cattlemen* plaintiff has also challenged the Clean Water Rule: Definition of "Waters of the United States," 80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Rule"), the *Cattlemen* plaintiff has agreed to hold its pursuit of its claims against the 2015 Rule and Repeal Rule pending the outcome of its challenge to the NWPR. *Cattlemen* Dkt. No. 86.

[2] *Cattlemen* plaintiff has filed a notice consenting to the Agencies' Motion to Consolidate. *Cattlemen* Dkt. No. 92.

Defendants' Reply ISO Motion to Consolidate
2:19-CV-0569-JCC;  2:20-CV-0950-JCC

1

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

*Soundkeeper* matter. *See Puget Soundkeeper Alliance et al. v. Wheeler*, 2:15-cv-01342-JCC (voluntarily dismissed by Puget Soundkeeper Alliance, Sierra Club, and Idaho Conservation League, Dkt. No. 111). Furthermore, any risk of confusion is mitigated by the fact that the consolidated suits will be resolved by the bench, not a jury. *E.g.*, *Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, No. 9:17-CV-80495, 2020 WL 2569319, at *2 (S.D. Fla. May 21, 2020) ("[T]here are far fewer reservations [regarding the risk of confusion] about consolidating these two actions for a bench trial than if they were to proceed before a jury."). In fact, the Court will likely benefit in hearing from the diverse group of *Soundkeeper* and *Cattlemen* litigants all at once in the same proceeding. The litigants include a ranching trade organization,[3] conservation groups,[4] business trade groups,[5] and the Agencies that promulgated the regulations at issue. By consolidating the matters, this wider range of voices provides a more dynamic view of the issues at play, giving the Court a more nuanced understanding of the regulations in question here.

## II.   It Is More Efficient for the Court to Manage the Proceedings in a Single Docket.

Conservation Groups erroneously downplay the efficiencies that would come with consolidation. But, as explained in the Agencies' opening brief, the efficiency considerations weigh in favor of consolidation. *See Cloanto Corp. v. Hyperion Entm't C.V.B.A.*, No. C18-0535JLR, 2018 WL 3619635, at *2 (W.D. Wash. July 30, 2018) (noting that consolidation would serve the interest of judicial economy when "(1) it eliminates the need to file separate motions in each case on similar issues, (2) it allows the court to address overlapping issues in a more

---

[3] *See Cattlemen*, Dkt. No. 72 at ¶ 7 (describing Washington Cattlemen's Association as a "nonprofit trade organization dedicated to promoting and preserving the beef industry").

[4] *See Soundkeeper*, Dkt. No. 1 at ¶¶ 7-9 (generally describing Conservation Groups as non-profit conservation organizations).

[5] *See Soundkeeper*, Dkt. No. 8 at 1-2 (noting that defendant-intevernors American Petroleum Institute, American Forest & Paper Association, Edison Electric Institute, National Mining Association, and National Stone, Sand, & Gravel Association are business/trade groups directly affected by the regulations at issue).

Defendants' Reply ISO Motion to Consolidate
2:19-CV-0569-JCC;  2:20-CV-0950-JCC

2

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

streamlined fashion, [] (3) it capitalizes on [the court's] knowledge of . . . prior litigation between parties [and (4)] maintaining two separate cases may yield inconsistent results.").

For the Court, it would be more efficient to manage the proceedings in a single docket and would streamline the briefing process while avoiding the potential for inconsistent outcomes.

For the parties, it would ensure that summary judgment briefing for all the NWPR claims [6] is addressed in an equitable fashion by allowing for the claims to be briefed in a single, uniform motions practice utilizing a common administrative record. By allowing the parties to present their claims in a consolidated briefing schedule, the parties may be able to conserve resources while the Court can adjudicate the parties' claims in a single motions practice. The Agencies are amenable to stipulating to a briefing schedule with page limits that are equitable for all parties. These efficiency considerations weigh in favor of consolidation.

**III.   Consolidation Will Minimize the Potential Risk of Inconsistent Rulings.**

Plaintiffs also assert that there is no danger of inconsistent results if these suits are allowed to run on separate timelines as separate proceedings. Opp. at 6. But given the different proposed remedies, there is a risk of inconsistent judgments. Consolidating the two cases will help ensure that the two matters are resolved in a consistent manner.

When "there is a possibility for inconsistent judgments if the[] cases are separated . . . consolidation is useful and fair." *Ball v. Johanns*, 2007 WL 9808002, at *2 (E.D. Cal. Dec. 12, 2007; *Ginger Root Office Ass'ns., LLC v. Advanced Packaging & Prod. Co.*, 2010 WL 11515360, at *4 (C.D. Cal. Oct. 7, 2010) (consolidation may be warranted if it "would assist in avoiding inconsistent adjudications"). Here, while both suits challenge the NWPR and the Repeal Rule, their proposed remedies are inconsistent with one another. *Cattlemen* plaintiff contends that the regulation of intermittent streams and certain non-abutting wetlands under the NWPR is unlawful

---

[6] The Agencies assert that like in *Cattlemen*, *see Cattlemen* Dkt. No. 86, the *Soundkeeper* plaintiff's Repeal Rule claims should also be placed on hold pending the resolution of their NWPR claims. This would promote judicial efficiency and the Agencies are prepared to further explain their position on this issue.

Defendants' Reply ISO Motion to Consolidate
2:19-CV-0569-JCC;  2:20-CV-0950-JCC

3

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

and is seeking not only vacatur of those provisions of the NWPR, but also a declaration that *any* attempt to regulate "waters (other than the territorial seas) that are not or have not been used, or are not susceptible of future use, for the transport of goods in interstate or foreign commerce" (which include intermittent streams and certain non-abutting wetlands) is unconstitutional and/or otherwise unlawful. *See Cattlemen*, Dkt. No. 72 at 50-51. On the other hand, *Soundkeeper* plaintiffs claim that the NWPR violates the Administrative Procedure Act and the Clean Water Act ("CWA"), and seek to vacate the NWPR while reinstating the 2015 Rule (*see Puget Soundkeeper* Complaint at ¶ 6); they do not challenge the Agencies' ability to regulate intermittent streams and non-abutting wetlands under the CWA.

While the Agencies strongly disagree with both challenges, to the extent the Court agrees with either or both sets of plaintiffs, the Court risks issuing a ruling in one suit that is inconsistent with the other. For example, the *Soundkeeper* plaintiffs seek to vacate the NWPR in its entirety and reinstate the 2015 Rule while *Cattlemen* plaintiff wants the Court to declare that any attempt by the Agencies to regulate intermittent streams and certain non-abutting wetlands under the CWA is unlawful and unconstitutional. Because the 2015 Rule subjects at least some intermittent streams and non-abutting wetlands to CWA jurisdiction, the parties' proposed remedies are fundamentally inconsistent with one another. If the two suits were presented together in a single forum (as opposed to two piecemeal proceedings), not only would the Court and the parties benefit from hearing both perspectives at the same time, it would also put the Court in a better position to craft a potential remedy that would harmonize the two proceedings and avoid possible inconsistent rulings.

### IV. Consolidation Would Only Benefit, Not Prejudice, Conservation Groups.

Conservation Groups' next claim that briefing both cases in a single summary judgment proceeding is unfairly prejudicial. Opp. at 8-9. This is not so. If anything, consolidation *benefits* the Conservation Groups by giving them four separate opportunities to brief the issues in a consolidated proceeding. It is actually the Agencies that will bear a more burdensome briefing schedule, as they will have to simultaneously address both *Soundkeeper* and *Cattlemen* plaintiffs'

Defendants' Reply ISO Motion to Consolidate
2:19-CV-0569-JCC;  2:20-CV-0950-JCC

4

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

motions for summary judgment in a single cross-motion/opposition brief, and then file a subsequent reply brief simultaneously addressing both plaintiff parties' opposition briefs. Conservation Groups, by contrast, have the benefit of having up to four separate briefing opportunities to address all the NWPR claims in the two cases: *first*, as plaintiffs in *Soundkeeper*, they will file an opening motion for summary judgment; *second*, as defendant-intervenors in *Cattlemen*, they can file a cross-motion for summary judgment/opposition to *Cattlemen* plaintiff's motion for summary judgment; *third*, as the plaintiffs in *Soundkeeper*, they will have an opportunity to file a reply brief in support of their opening motion for summary judgment; and *forth*, as defendant-intervenors in *Cattlemen*, they could file a reply brief in support of their cross-motion for summary judgment. As the only parties in these proceedings with the opportunity to file *four* separate briefs, they are in an advantageous position if these cases are consolidated.

Moreover, as noted above, the Agencies have a greater burden in that they must address both *Soundkeeper* and *Cattlemen* plaintiffs' claims at the same time in the same briefing rounds. Conservation Groups charge that because the *Soundkeeper* and *Cattlemen* plaintiffs are challenging the same regulations and because the Agencies' defenses to the *Soundkeeper* and *Cattlemen* claims are "substantially similar," the Agencies' briefing burden is less than that of Conservation Groups. Opp. at 8. But because both plaintiff groups are advancing varying legal theories in challenging the NWPR (and Repeal Rule), the Agencies' defenses to both claims are not as streamlined as Conservation Groups believe. In fact, Conservation Groups acknowledge that the plaintiffs' challenges are not completely identical. *Id*. And to the extent there is any prejudice to any party with respect to briefing, the Agencies are certainly willing to stipulate to an equitable briefing schedule wherein page limits and timing issues are adjusted to account for any imbalances.

## CONCLUSION

For the following reasons, the Agencies request that the Court consolidate the above-captioned cases *Washington Cattlemen's Association v. United States Environmental Protection Agency, et al.* (2:19-CV-0596-JCC) and *Puget Soundkeeper Alliance, et al. v. United States*

Defendants' Reply ISO Motion to Consolidate
2:19-CV-0569-JCC; 2:20-CV-0950-JCC

5

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

1  *Environmental Protection Agency, et al.* (2:20-CV-0950-JCC) into a single proceeding pursuant
2  to Fed. R. Civ. P. 42(a).

3  Dated: September 18, 2020            Respectfully submitted,

/s/ *Hubert T. Lee*

HUBERT T. LEE
SONYA J. SHEA
*Trial Attorneys*
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 514-1806 (Lee)
(303) 844-7231 (Shea)
Hubert.lee@usdoj.gov
Sonya.Shea@usdoj.gov

COUNSEL FOR DEFENDANTS

Defendants' Reply ISO Motion to Consolidate
2:19-CV-0569-JCC; 2:20-CV-0950-JCC

6

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

# CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

/s/ *Hubert T. Lee*

Hubert T. Lee

Defendants' Reply ISO Motion to Consolidate
2:19-CV-0569-JCC;  2:20-CV-0950-JCC

7

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806