The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON CATTLEMEN'S ASSOCIATION,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>   Defendants.<br><br> And<br><br>PUGET SOUNDKEEPER ALLIANCE, IDAHO CONSERVATION LEAGUE, and SIERRA CLUB,<br><br>   Defendant-Intervenors. | No. 2:19-CV-0569-JCC<br><br>JOINT STATUS REPORT AND STIPULATED MOTION TO FURTHER STAY PROCEEDING<br><br>NOTE ON MOTION CALENDAR:<br>March 25, 2022 |

Joint Status Report/Stip.to Further Stay Proceeding
2:19-CV-0569-JCC

1

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

Pursuant to Local Rules 7(d)(1) and 10(g) and in accordance with this Court's Order, Dkt. No. 107 (September 29, 2021), Plaintiff, Defendants ("the Agencies"),[1] and Intervenor-Defendants hereby submit this joint status report and jointly propose that the case remain in abeyance pending issuance by the Agencies of a final rule regarding the definition of "waters of the United States" within the meaning of the Clean Water Act, 33 U.S.C. § 1362(7), or a determination by the Agencies that they will no longer proceed with the rulemaking. The Parties have good cause for this request:

## PROCEDURAL BACKGROUND

1.  In this proceeding, Plaintiff is challenging three rules promulgated by the Agencies that define the phrase "waters of the United States" in Section 1362(7) of the Clean Water Act: the Clean Water Rule: Definition of "Waters of the United States," 80 Fed. Reg. 37,054 (June 29, 2015) ("2015 Rule"), the Definition of "Waters of the United States" – Recodification of Pre-Existing Rules, 84 Fed. Reg. 56,626 (Oct. 22, 2019) ("2019 Rule"), and the Navigable Waters Protection Rule: Definition of "Waters of the United States," 85 Fed. Reg. 22,250 (Apr. 21, 2020) ("2020 Rule").

2.  Plaintiff initiated this lawsuit on April 16, 2019, first challenging the 2015 Rule. Dkt. No. 1. Plaintiff then moved to preliminarily enjoin the 2015 Rule. *See* Dkt. No. 15. On December 30, 2019, the Court denied Plaintiff's first motion for preliminary injunction on the grounds that the 2019 Rule rendered the motion "moot." Dkt. No. 61.

3.  Plaintiff then filed two supplemental complaints. First, on December 20, 2019, Plaintiff added claims to its complaint, challenging the 2019 Rule. Dkt. No. 60. Second, on May 4, 2020, Plaintiff added claims challenging portions of the 2020 Rule. Dkt. No. 72.

---

[1] EPA Administrator Michael Regan and Acting Assistant Secretary of the Army for Civil Works Jaime Pinkham are automatically substituted for their predecessors in office pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Joint Status Report/Stip.to Further Stay Proceeding
2:19-CV-0569-JCC

2

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

4. On July 31, 2020, this Court stayed Plaintiff's claims with respect to the 2015 Rule and 2019 Rule. Dkt. No. 86. The Court noted that the Parties "may move to lift the stay following the Court's ruling on the merits of Plaintiff's claims regarding the 2020 Rule." *Id.*

5. Plaintiff filed a motion to preliminarily enjoin, in part, the 2020 Rule on June 15, 2020. Dkt. No. 77. That motion is still pending.

6. On August 27, 2020, Defendants filed a motion to consolidate this case with *Puget Soundkeeper Alliance, et al. v. United States Environmental Protection Agency, et al.* (2:20-CV-0950-JCC). Dkt. No. 87. That motion is also still pending.

7. On February 2, 2021, the Parties filed a stipulated motion to stay the proceeding for 90 days to accommodate the Agencies' review of the 2020 Rule. Dkt. No. 94. The Court granted the motion on February 8, 2021, staying the case until May 1, 2021. Dkt. No. 95. Since then, the Court has maintained the stay in this proceeding. Unless extended, the stay expires on April 1, 2022. *See* Dkt. No. 107.

8. There are no other outstanding motions or deadlines before the Court in this matter.

## REGULATORY BACKGROUND

9. On January 20, 2021, President Biden issued an Executive Order entitled "Executive Order on Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis." 86 Fed. Reg. 7037 (Jan. 25, 2021) ("EO 13990"). In conformance with the Executive Order, the Agencies began reviewing a number of regulations promulgated in the last four years, including the 2020 Rule at issue in this case.

10. In light of this directive, on February 2, 2021, the Parties filed a stipulated motion to stay the proceeding for 90 days to accommodate the Agencies' review of the 2020 Rule. Dkt. No. 94. The Court granted the motion on February 8, 2021, staying the case until May 1, 2021. Dkt. No. 95.

11. On April 29, 2021, the Agencies filed a motion to continue the stay until July 1, 2021. Dkt. No. 97. The motion was granted on May 24, 2021. Dkt. No. 99.

Joint Status Report/Stip.to Further Stay Proceeding
2:19-CV-0569-JCC

3

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

12. On June 9, 2021, the Agencies issued a press release stating that, after reviewing the 2020 Rule, they have decided to initiate new rulemaking to revise the definition of "waters of the United States." *See* https://www.epa.gov/newsreleases/epa-army-announce-intent-revise-definition-wotus (last accessed March 13, 2022). In light of this new rulemaking, on June 30, 2021, the Parties stipulated to continue the stay in this proceeding until October 1, 2021. Dkt. No. 100. On July 6, 2021, the Court granted the stipulated motion. Dkt. No. 101. On September 24, 2021, the Parties filed another motion to continue the stay in this proceeding until April 1, 2022. Dkt. No. 106. This motion was granted on September 29, 2021. Dkt. No. 107.

## RECENT DEVELOPMENTS

13. There have been a number of developments regarding both the rulemaking process and litigation in other courts with respect to the 2020 Rule.

14. On December 7, 2021, the Agencies issued a proposed rule entitled "Revised Definition of 'Waters of the United States.'" 86 Fed. Reg. 69,372 (Dec. 7, 2021). The comment period closed on February 7, 2022.

15. Following the Agencies' review of the 2020 Rule pursuant to Executive Order 13990, the Agencies moved to remand the 2020 Rule in a number of courts where litigation challenging the rule was pending. Although the Agencies asked for remand without vacatur, two courts remanded the 2020 Rule with vacatur. *See Pascua Yaqui Tribe v. EPA*, No. 4:20-cv-00266, 2021 WL 3855977, at *6 (D. Ariz. Aug. 30, 2021); *Navajo Nation v. Regan*, No. 2:20-cv-602, 2021 WL 4430466, at *5 (D.N.M. Sept. 27, 2021). As a result of those orders, "the agencies have halted implementation of the 2020 Rule and are interpreting 'waters of the United States' consistent with the pre-2015 regulatory regime until further notice." *See* U.S. EPA, *Current Implementation of Waters of the United States*, https://www.epa.gov/wotus/current-implementation-waters-united-states (last accessed March 13, 2022). The Agencies have not appealed the orders.

16. On October 25, 2021, intervenors in *Pascua Yaqui Tribe* filed a notice of appeal and moved to stay the Arizona district court's order pending their appeal. *See Pascua Yaqui*

Joint Status Report/Stip.to Further Stay Proceeding
2:19-CV-0569-JCC

4

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

1  *Tribe v. EPA*, No. 4:20-cv00266 (D. Ariz.) Dkt. Nos. 104-106; *see also Pascua Yaqui Tribe v.*
2  *Ariz. Rock Prods. Assoc.*, No. 21-16791 (9th Cir.). The intervenors, however, subsequently
3  moved to voluntarily dismiss their appeal, which was granted on February 3, 2022. *See Pascua*
4  *Yaqui Tribe v. Ariz. Rock Prods. Assoc.*, No. 21-16791 (9th Cir.). Dkt. No. 23.

5        17.    Several other district courts have remanded the 2020 Rule either without vacatur
6  or without addressing vacatur. *See, e.g.*, Order at 4, *Pueblo of Laguna v. Regan*, No. 1:21-cv-
7  00277 (D.N.M. Sept. 21, 2021), Dkt. No. 40 (declining to reach issue of vacatur in light of the
8  *Pascua* decision); Order, *California v. Regan*, No. 3:20-cv-03005 (N.D. Cal. Sept. 16, 2021),
9  Dkt. No. 271 (same); Order at 1, *Waterkeeper All. v. Regan*, No. 3:18-cv-03521 (N.D. Cal.
10 Sept. 16, 2021), Dkt. No. 125 (same); Order at 2, *Conservation L. Found. v. EPA*, No. 1:20-cv-
11 10820, (D. Mass. Sept. 1, 2021), Dkt. No. 122 (same); Order, *S.C. Coastal Conservation*
12 *League v. Regan*, No. 2:20-cv-01687 (D.S.C. July 15, 2021), Dkt. No. 147 (remanding without
13 vacating); Order, *Murray v. Regan*, No. 1:19-cv- 01498 (N.D.N.Y. Sept. 7, 2021), Dkt. No. 46
14 (same).

15                       **JOINT PROPOSAL TO GOVERN THIS PROCEEDING**

16       18.    Because many courts have already addressed the substance of the Agencies'
17 motion for remand, and the Agencies are no longer applying the 2020 Rule, continuing to
18 litigate this case at this time does not serve the interest of judicial economy.

19       19.    Indeed, multiple courts have stayed related litigation challenging the 2020 Rule,
20 as well as litigation challenging the 2019 Rule and 2015 Rule. *See, e.g.*, Minute Order, *State of*
21 *Colorado v. E.P.A.*, No. 1:20-cv-01461-WJM-NRN (D. Colo. Jan. 18, 2022) (holding case in
22 abeyance until the Agencies publish a final rule defining "waters of the United States" or decide
23 not to do so); Order, *Chesapeake Bay Found., Inc. v. Wheeler*, No. 20-cv-1063 (D. Md. Nov. 29,
24 2021), Dkt. No. 63 (same); Minute Order, *Env't Integrity Project v. Regan*, No. 1:20-cv-01734
25 (D.D.C. Oct. 30, 2021) (holding case in abeyance through April 29, 2022); Order at 6, *Or.*
26 *Cattlemen's Ass'n v. EPA*, No. 3:19-cv-00564 (D. Or. Sept. 22, 2021), Dkt. No. 124 (continuing
27 stay of claims against 2020 Rule and 2015 Rule until April 1, 2022); Order at 2, *Puget*

Joint Status Report/Stip.to Further Stay Proceeding
2:19-CV-0569-JCC

5

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

*Soundkeeper All. v. EPA*, No. 2:20-cv-00950 (W.D. Wash. Sept. 29, 2021), Dkt. No. 54 (continuing stay of claims against 2020 Rule and 2019 Rule); Order, *N.M. Cattle Growers' Ass'n v. EPA*, No. 1:19-cv-00988 (D.N.M. Oct. 5, 2021), Dkt. No. 73 (same); *see also* Order at 3, *Pascua Yaqui Tribe v. EPA*, No. 4:20-cv-00266 (D. Ariz. Dec. 6, 2021), Dkt. No. 116 (staying challenge to 2019 Rule until the Agencies publish a final rule defining "waters of the United States" or decide not to do so); Order at 1, *Navajo Nation v. Regan*, No. 2:20-cv-00602 (D.N.M. Oct. 28, 2021), Dkt. No. 45 (same); Order, *Southeast Stormwater Assoc. v. EPA*, 4:15-cv-00579-MW-MAF (N.D. Fla. Sept. 23, 2021), Dkt. No. 110 (keeping proceeding re: 2015 Rule administratively closed); Order at 1, *Southeastern Legal Foundation, Inc. v. EPA*, 1:15-cv-02488-TCB (N.D. Ga. Oct. 14, 2021), Dkt. No. 37 (staying litigation against 2015 Rule until Oct. 14, 2022 or until the 2015 Rule become effective again); Minute Order, *North Dakota v. EPA*, 3:15-cv-00059 (D.N.D. March 22, 2022), Dkt. No. 350 (staying 2015 Rule claims); *but see* Order, *State of Ohio v. EPA*, 2:15-cv-02467-EAS-KAJ (S.D. Ohio Mar. 23, 2022), Dkt. No. 126 (dismissing challenge to 2015 Rule as moot in light of the Agencies' December 7, 2021 proposed rule defining "waters of the United States").

20.  Accordingly, the Parties jointly propose that the case remain in abeyance pending issuance by the Agencies of a final rule regarding the definition of "waters of the United States" within the meaning of the Clean Water Act, 33 U.S.C. § 1362(7), or a determination by the Agencies that they will no longer proceed with the rulemaking. The Parties further propose to file a proposal or proposals for further proceedings within 21 days after either event occurs.

21.  The Agencies will also file a status report every six months beginning from the date this Court issues its order regarding this motion.

/ / /

/ / /

Joint Status Report/Stip.to Further Stay Proceeding
2:19-CV-0569-JCC

6

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

Dated: March 25, 2022                     Respectfully submitted,

/s/ *Hubert T. Lee*

HUBERT T. LEE
SONYA J. SHEA
*Trial Attorneys*
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 514-1806 (Lee)
(303) 844-7231 (Shea)
Hubert.lee@usdoj.gov
Sonya.Shea@usdoj.gov

COUNSEL FOR DEFENDANTS


 /s/ *Ethan W. Blevins*
ETHAN W. BLEVINS, WSBA # 48219
Pacific Legal Foundation
255 South King Street, Suite 800
Seattle, Washington 98104
Telephone: (206) 619-8944
Email: EBlevins@pacificlegal.org

CHARLES YATES
DANIEL M. ORTNER
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
Fax: (916) 419-7477
Email: Cyates@pacificlegal.org
Email: DOrtner@pacificlegal.org

COUNSEL FOR PLAINTIFF


 /s/ *Janette K. Brimmer*
JANETTE K. BRIMMER
Earthjustice Northwest Office
705 2nd Ave., Suite 203
Seattle, WA 98104
Telephone: (206) 343-7340

Joint Status Report/Stip.to Further Stay Proceeding
2:19-CV-0569-JCC

7

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

Email: jbrimmer@earthjustie.org

COUNSEL FOR DEFENDANT-INTERVENORS

Joint Status Report/Stip.to Further Stay Proceeding
2:19-CV-0569-JCC

8

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

**[Proposed] Order**

It is ORDERED that the above-captioned proceeding remain in abeyance pending either issuance by the Agencies of a final rule regarding the definition of "waters of the United States" within the meaning of the Clean Water Act, 33 U.S.C. § 1362(7), or a determination by the Agencies that they will no longer proceed with the rulemaking.

It is further ORDERED that the Parties shall file a proposal or proposals for further proceedings within 21 days after either of the above events occur.

It is further ORDERED that the Agencies will file a status report every six months beginning from the date of this Court's order granting this proposal to govern proceedings.

IT IS SO ORDERED.

_____

Hon. John C. Coughenour
UNITED STATES DISTRICT JUDGE

Joint Status Report/Stip.to Further Stay Proceeding
2:19-CV-0569-JCC

9

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806

# CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2022, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

/s/ *Hubert T. Lee*

Hubert T. Lee

Joint Status Report/Stip.to Further Stay Proceeding
2:19-CV-0569-JCC

10

U.S. Dept. of Justice/ENRD
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1806